HARRISON GILMORE, RESPONDENT, *v.* THE ONTARIO IRON COMPANY, APPELLANT.

*What instrument regarded as a lease—burden of proof.*

The plaintiff, by a written instrument, dated October 18, 1872, leased to the defendant twenty-five acres of land, upon which was a bed of iron ore, for the term of five years, and for such further time as he might require to mine all the ore therein, he agreeing to pay to the plaintiff twenty cents for each ton removed, and to remove, at least, eight thousand tons a year; the agreement binding him to remove all ore where the vein was over fifteen inches in thickness, and leaving it optional with him to do so or not where the vein was of less thickness. In an action brought to recover the sum of $1,600, claimed to be due for the year ending October 18, 1877, it appeared that the defendant had been in possession of the premises, and uncovered between one and two acres thereof, and that he had paid the sum of $1,600 for each of the preceding years.

*Held,* that as the instrument transferred to the defendant the use and occupa-

. tion of the premises, at a fixed compensation to be paid annually, it was a. lease.

That to justify a recovery by the plaintiff, it was not incumbent upon him to show, by express testimony, that there continued to be ore upon the premises during the year for which it was sought to recover rent.

Appeal from a judgment in favor of the plaintiff, entered on the report of a referee.

*J. C. Cochrane*, for the appellant.

*A. C. Coxe*, for the respondent.

Smith, J.:

This is an action to recover the sum alleged to be due upon an instrument in writing, dated October 18, 1872, by which the plaintiff leased to the defendants twenty-five acres of land in the town of Ontario, Wayne county, upon which was a bed of iron ore, for the term of five years, and for such further time as the defendants might require, to mine all the ore thereon. The defendants agreed to mine at least eight thousand tons each year, and to pay therefor at the rate of twenty cents a ton. Up to the time of the trial, the defendants had uncovered between one and two acres only. But they had paid the stipulated sum, amounting to $1,600 annually, until the year ending October 18, 1877, and the plaintiff seeks to recover the sum of $1,600, alleged to be due at that date. The defendants agreed to mine all the ore on said lot where the vein was fifteen inches in thickness, and when less, it was optional with them to mine it or not. There was no reservation of rent except as above stated.

At the trial the plaintiff proved the agreement and a demand of rent, and rested.

The defendants then moved for a nonsuit on the grounds that the instrument put in evidence was not a lease, and that by the terms of the instrument nothing was due unless ore was shown to be on the premises. The motion was denied, and the defendant's counsel excepted.

In that, we think, there was no error. The instrument was a lease, as it transferred to the defendants the use and occupation of

the premises, at a fixed compensation, to be paid annually ; and we incline to the opinion that, under the circumstances, it was not incumbent on the plaintiff to show by express testimony that there continued to be ore on the premises. The defendants being in exclusive possession, had the best opportunity of knowing how the fact was in that respect, and their continuance in possession justified the presumption as against them, in view of the stipulations of the lease, that the ore was not exhausted. Furthermore, the pleadings cast upon the defendants the burden of proof upon that issue. The answer alleged affirmatively that the vein of ore had ceased to be fifteen inches in thickness, while the complaint contained no averment on the subject.

After the motion for a nonsuit was denied, the defendants undertook to prove that the ore was exhausted, but their evidence showed very clearly that there was ore on the lot, and that in some places it was over fifteen inches in thickness. It is true they proved that in parts of the area uncovered the ore was not over fourteen inches in thickness, but that fact did not constitute a defense, so long as the defendants retained possession of the premises, inasmuch as the contract gave them the option to mine the ore or not, when less than fifteen inches in thickness. And as they had no right to retain possession beyond the time necessary to enable them to mine and remove the ore, according to the stipulations of the lease, their continuance in possession not only raised the presumption that the ore was not exhausted, but it also continued their obligation to pay to the lessor at the rate of twenty cents a ton upon eight thousand tons each year. That was the measure of compensation fixed by the parties, for the use and occupation of the ore bed.

The learned counsel for the appellant argues that the agreement is not equivalent to an undertaking to pay $1,600 a year rent; that as the ore, if not mined, would remain the property of the lessor, he would sustain no damages, if the ore was worth more than twenty cents per ton ; and if worth less, his damages would only be the difference between the actual value and the price agreed to be paid. The argument leaves out of sight the fact that by the lease the defendants acquired from the plaintiff the possession of the ore bed and the exclusive right to mine and remove the ore.

The agreement was made upon the assumption by both parties that the defendants would be able to mine the stipulated quantity, unless the ore was exhausted, in which case it was incumbent on them to surrender possession.

The counter-claim interposed by the defendants arises upon a bond given by the plaintiff to return to the defendants any over-payments made by them upon the lease, whenever the defendants should have exhausted the ore. As it was not shown that the ore had failed, the bond cannot, as yet, be enforced.

Some other exceptions were taken at the trial, but they were not discussed on the argument, and are not of sufficient merit to require comment.

The judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed.